IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VALENTINE FERTITTA,

    Plaintiff,

v.                                                                             Civ. No. 22-966 GJF/SCY

MERRICK GARLAND,

    Defendant.

### ORDER GRANTING IN PART AND DENYING IN PART
### JOINT MOTION TO EXTEND DEADLINES
### FOR MOTIONS TO COMPEL

Local Rule 26.6 requires a party to proceed with a motion to compel within twenty-one days after receiving an objection to written discovery or a document production, or the objection is deemed accepted. D.N.M.LR-Civ. 26.6. Here, the parties jointly moved for an order extending this deadline for all motions to compel written discovery responses or document productions, on both sides, for the duration of this case or until further motion of the parties or order of the Court. Doc. 46. The motion states that the parties will meet and confer regarding any discovery dispute for which a motion to compel might be filed. Doc. 46 at 2. The parties propose that the 21-day period in Local Rule 26.6 will not start until any party notifies the other party that compromise discussions have concluded, with the caveat that all motions to compel discovery will be filed no later than November 22, 2024, the discovery motions deadline set forth in the Scheduling Order, Doc. 42. The parties explain that they

> have begun exchanging written discovery requests that have yielded objections. They expect further discovery requests and future objections. The parties anticipate that, with adequate time and a continuation of cooperative efforts already underway and continuing, they will be able to resolve most if not all discovery disputes without Court intervention. Given the complexity of this case and in particular the anticipated extent of discovery in combination with the professional courtesy extended between the lawyers involved to date, the parties believe that the 21-day deadline in D.N.M.LR-Civ. 26.6 will force discovery

motions and adversarial stances that would otherwise not be necessary.
Doc. 46 at 1-2.

The Court appreciates the parties' efforts to resolve discovery disputes without court intervention and, in line with the parties' current request, "expects the parties to liberally agree to extend this [Local Rule 26.6] deadline when the parties are actively engaged in communication to resolve the dispute." Doc. 42 at 1 n.1. Nonetheless, the Court has concerns about entering a blanket order that extends resolution of all discovery disputes until after the close of discovery. If, after discovery has closed, the Court's resolution of a discovery dispute requires the production of additional discovery, such belated production necessarily extends the discovery termination date. Further, not receiving discovery until after the dispositive motions deadline could adversely affect the ability of the party awaiting additional discovery to prepare a timely and effective dispositive motion.

Accordingly, the Court will grant the present motion only in part. For discovery requests served before the filing date of the present motion (February 21, 2024), the Court extends the motion to compel deadline by 45 days, in addition to the 21-day period stated in Local Rule 26.6, subject to additional reasonable extensions on request. The Court will deny the request for a blanket extension on all motions to compel from now until November. For each future extension of the time period in Rule 26.6 the parties seek (extensions beyond those granted in the present order), a motion should be filed with a brief explanation of the discovery at issue and the reason for the additional time sought (e.g., that the parties are working cooperatively and anticipate resolving the dispute without Court intervention).

SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE