IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VALENTINE FERTITTA,

      Plaintiff,

v.                                                                                                  Civ. No. 22-966 GJF/SCY

JAMES R. MCHENRY III, in his official
capacity as Acting Attorney General of the
United States of America,[1]

      Defendant.

## ORDER GRANTING IN PART AND
## DENYING IN PART EMERGENCY MOTION TO VACATE

Before the Court is (1) Defendant's Emergency Motion To Vacate Remaining Pre-Trial Deadlines And Trial Setting, And Request For Status Conference And Expedited Briefing, filed on January 10, 2025, Doc. 91; and (2) Defendant's Motion For Protective Order, filed on January 15, 2025, Doc. 95. Plaintiff filed responses in opposition on January 12, Doc. 92, and January 16, respectively. Doc. 100. Defendant filed a reply to his motion to vacate on January 14. Doc. 93. Defendant's motion to vacate requests four types of relief: (1) vacate the current remaining discovery and pretrial deadlines; (2) vacate the current trial setting; (3) set a status conference to discuss these issues and in which "the Court can, potentially, give the parties guidance about the likely outcome"; and (4) order expedited briefing on the emergency motion. Doc. 91 at 5-6. Defendant's motion for protective order requests "an order prohibiting Plaintiff Valentine Fertitta from taking the depositions of Percy Giles, Raul Bujanda, Amy Kaskel, and Giulio

---

[1] James R. McHenry III is automatically substituted as Defendant under Federal Rule of Civil Procedure 25(d).

Arseni until after the Court has ruled on the Government's anticipated motion to dismiss." Doc. 95 at 1.

Defendant's motions are well taken. The Court will vacate the remaining discovery and pretrial motions deadlines and issue an order staying the depositions. This renders moot Defendant's requests for a status conference and for emergency briefing. Finally, Defendant's request to vacate the trial deadline will be decided by the presiding judge.

## **BACKGROUND**

Plaintiff filed this lawsuit in federal court on December 20, 2022. Doc. 1. The case was stayed through September 30, 2023, based on Plaintiff's active-duty service with the U.S. Marines. Docs. 29 & 32. The Court conducted a scheduling conference on November 14, 2023. Doc. 41 (clerk's minutes). At the scheduling conference, Plaintiff advised that he was currently in the process of exhausting a retaliation claim he planned to add to the complaint. *Id.* The Court agreed to adopt the scheduling order deadlines proposed in the Joint Status Report—under which discovery closed on November 1, 2024—on the understanding that these deadlines might change if the operative complaint changes. *Id.*; Doc. 42 at 2. The presiding judge has scheduled trial to start on May 12, 2025. Doc. 44.

On July 23, 2024, Plaintiff filed a motion to amend the complaint. Doc. 63. Defendant filed no opposition; the Court granted the motion; and, on August 12, 2024, Plaintiff filed an amended complaint that included his retaliation claim. Doc. 69. Nearly three months later, on November 1, 2024, the parties jointly moved to extend pretrial deadlines. Although the Court granted this motion, extending the discovery end date to January 31, 2025, it advised the parties "that the extended deadlines do not leave enough time to decide dispositive motions before trial. Therefore, if the parties file dispositive motions, the trial date will likely be extended." Doc. 81.

Currently pending before the Court are: (1) Plaintiff's November 26, 2024 motion to compel responses to discovery (Doc. 85); (2) Defendant's January 10, 2025 motion to vacate case management deadlines (Doc. 91); (3) Defendant's January 15, 2025 motion for a protective order and notices of non-appearance for four depositions set near the end of January (Docs. 91, 95-99); and (4) Defendant's January 17, 2025 motion to dismiss (Doc. 101). These motions all touch on the same issue: can Plaintiff bring a cause of action for retaliation based on, and conduct discovery about, the substance, methods, or process of the FBI security division's investigation? Defendant argues the Court lacks subject-matter jurisdiction to consider Plaintiff's claim because Executive Branch security clearance investigations and decisions are not subject to judicial review. Doc. 91 at 2 (citing *Department of Navy v. Egan*, 484 U.S. 518 (1988)). Plaintiff counters that he can bring a claim based on the "knowingly false" provision of information related to security clearance investigations. Doc. 92 at 1-2.

Because all these disputes turn on the same issue, Defendant asserts that his motion to dismiss Plaintiff's claim for lack of subject-matter jurisdiction should be resolved before engaging in further discovery on the claim. The Court agrees that the efficient course of action is to stay discovery until the presiding judge resolves the motion to dismiss, thus effectively resolving all related disputes.

## **DISCUSSION**

Analysis of whether to vacate the scheduling order and delay the depositions must begin with identification of the relevant legal standard. Plaintiff contends that Defendant must show "good cause" to extend the scheduling order. Doc. 92 at 1; *see* Fed. R. Civ. P. 16(b)(4) (a scheduling order "may be modified only for good cause"). The relevant legal test for whether good cause exists to extend scheduling order deadlines, however, is not designed for this

situation.[2] Defendant is not requesting additional time to take more discovery, but instead asking the Court to resolve a subject-matter jurisdiction dispute before conducting already-scheduled discovery. He asserts that the parties' jurisdictional dispute will be at issue during upcoming depositions and so urges the Court to resolve this dispute before the depositions take place.[3] Defendant's request, therefore, is best characterized as a motion to stay discovery rather than a request to extend or reopen discovery.[4]

Rather than applying the test for whether good causes exists to extend a scheduling order, the Court will look to the standard for exercising its authority to issue a stay of discovery. This Court has broad discretion to issue a stay incident to its power to manage its docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Baca v. Berry*, 806 F.3d 1262, 1269 (10th Cir. 2015); *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010) ("Discovery and scheduling are matters within the district court's broad discretion."); *King v. PA Consulting Group, Inc.*, 485 F.3d 577, 591 (10th Cir. 2007) (the court has broad discretion to manage the progression of discovery). It is appropriate for a court to stay discovery until a pending dispositive motion is

---

[2] The decision whether to extend or reopen discovery is guided by considering "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987).

[3] Defendant cited other grounds for his motion, such as a witness's unavailability for a scheduled deposition. Doc. 91 at 4 n.2. The Court need not consider whether this unavailability justifies delaying that witness's deposition because it grants Defendant's motion for other reasons.

[4] Although Defendant also requests that discovery deadlines be reset after this jurisdictional issue is resolved, the Court views this request to extend discovery deadlines as incidental to Defendant's request to stay discovery pending resolution of his motion to dismiss. *E.g.*, Doc. 93 at 5. After all, some amount of time does remain in the current scheduling order for the depositions.

decided where "the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome." *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

The first consideration identified in *Wolf* does not favor a discovery stay. Although resolution of the motion to dismiss will resolve a portion of this case as well as the pending discovery disputes, it will not resolve this entire case. The second and third consideration, however, do favor a discovery stay.

Under the second consideration, the discovery Plaintiff seeks will not affect resolution of the pending motion to dismiss. True, as Plaintiff argues, he needs the discovery to establish evidence in support of his retaliation claim. Doc. 92 at 2. But whether Plaintiff can ultimately present facts to establish his claim has no bearing on the pending motion to dismiss. In deciding Defendant's motion to dismiss, the Court will accept Plaintiff's well-pled factual allegations as true; thus, at this stage, Plaintiff has no need to obtain evidence in support of his factual allegations. Plaintiff asserts, for example, that: "The well recognized exception to *Egan* is whether the investigation was initiated on information the initiating party knew was false and getting [] testimony as to [the basis for opening the security investigation] is relevant and necessary for Mr. Fertitta to further prove that point." Doc. 100 at 3. To be sure, this information likely would be relevant to his claim. But neither discovery relevance, nor ultimate proof of a claim, bears on the standard for a motion to dismiss. Plaintiff does not explain how this evidence will inform the question of whether his pleading states a claim.

Most significantly, considerations of waste and burdensomeness strongly favor granting a discovery stay. Defendant asserts the Court lacks subject-matter jurisdiction over the claims on

5

which Plaintiff seeks discovery. If Defendant's motion to dismiss is successful, resources devoted to discovery on an issue over which the court lacks subject-matter jurisdiction will not have been needlessly expended. On the other hand, if Plaintiff prevails on the motion to dismiss, he can then conduct discovery related to the security investigation unhindered by jurisdictional objections.

Plaintiff, however, argues that such delayed discovery will unfairly prejudice him. He asserts that, in connection with the depositions currently scheduled for the end of January, "Plaintiff's counsel has spent time and expenses preparing for those depositions, including meeting to prepare for those depositions, purchasing tickets to Albuquerque, and re-arranging other matters to accommodate these previously agreed to depositions." Doc. 100 at 1-2. Although the Court is sympathetic to these costs, it notes that any deposition preparation and meetings will still be relevant should the depositions take place later. The desire to avoid a delay on the return of Plaintiff's preparation investment (should Plaintiff prevail on the jurisdictional issue, as he asserts he will) does not justify proceeding with depositions before the Court can resolve the jurisdictional question that will significantly impact those depositions.

Allowing the depositions to go forward before the Court has a chance to resolve the disputed jurisdictional issues would create the potential for waste. The Court is loath to have the parties and the Court expend resources on discovery and discovery disputes when, for want of subject-matter jurisdiction, such discovery and discovery disputes should never have occurred. The Court finds the possible harm caused by allowing discovery in the absence of subject matter jurisdiction outweighs the possible harm caused by delaying discovery if subject matter jurisdiction exists.

Allowing the depositions to go forward while a contentious issue is pending also increases the likelihood that the parties will seek further emergency guidance from the Court in the midst of the various depositions. Until the Court resolves the jurisdictional issue at the base of the likely disputes, however, it cannot provide effective guidance. Emergency mid-deposition phone calls to the Court regarding the permissible scope of deposition questions, or the possibility of holding a second deposition depending on the outcome of the motion to dismiss, will be left unresolved. As a general matter, disputes that parties can foresee arising during a deposition are better resolved before the deposition takes place than resolved on the fly in the midst of a deposition. Such a procedure promotes efficiency and avoids the needless expenditure of resources associated with emergency litigation.

Plaintiff understandably does not want to lose the trial date already set in this case. However, as the Court advised at the Rule 16 scheduling conference, the scheduling order deadlines would have to be extended if Plaintiff filed an amended complaint. Doc. 41. Accordingly, after Plaintiff amended his complaint, the parties jointly moved for an extension of scheduling deadlines. Doc. 80. In that joint motion, the parties represented that the extension "does not affect the trial setting for this case." *Id.* at 2. But, as the Court warned the parties when it granted that motion, extending the discovery end date to January 31, 2025 did "not leave enough time to decide dispositive motions before trial." Doc. 81. Therefore, the Court advised, "if the parties file dispositive motions, the trial date will likely be extended." *Id.* Defendant has now filed one dispositive motion, Doc. 101, and so the trial date likely would be vacated even if discovery proceeded under the current schedule.

Lastly, Plaintiff asserts Defendant waived his current request to vacate and stay by (1) agreeing to the previous scheduling and trial deadlines; and (2) failing to file an opposition to the

7

motion to amend the complaint. Doc. 92 at 2-3; Doc. 100 at 1-2. Plaintiff does not cite any authority in support of the view that agreeing to a previous scheduling order or trial date waives a party's right to later move to extend or stay those dates. Nor does the Plaintiff cite a case holding that failing to oppose the filing of an amended complaint waives that party's right to file a motion to dismiss. Indeed, because the issue concerns the Court's subject-matter jurisdiction, Defendant may file a motion to dismiss on this subject at any stage of the case. *Kontrick v. Ryan*, 540 U.S. 443, 455-56 (2004).

In sum, the Court finds a stay of discovery to be appropriate and that this stay provides good cause to vacate the scheduling order deadlines.

THEREFORE, IT IS ORDERED THAT Defendant's Emergency Motion To Vacate Remaining Pre-Trial Deadlines And Trial Setting, And Request For Status Conference And Expedited Briefing, Doc. 91, is GRANTED IN PART AND DENIED IN PART, and Defendant's Motion For Protective Order, Doc. 95, is GRANTED, in the following respects:

1. The current scheduling order deadlines (Doc. 81) are vacated and will be reset at a later date;

2. The depositions of Percy Giles, Giulio Arseni, Raul Bujanda, and Amy Kaskel are stayed until after the Court has decided the Defendant's motion to dismiss (Doc. 101);

3. The request for a status conference is denied as moot; and

4. The request for expedited briefing is denied as moot.

SO ORDERED.

STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE